

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| JO ANA VELAZQUEZ | § | CASE NO: 16-70326 |
| Debtor | § | |
| | § | CHAPTER  13 |
| | § | |
| | § | |
| | § | JUDGE EDUARDO V. RODRIGUEZ |

**MEMORANDUM OPINION**
**REGARDING THE CHAPTER 13 TRUSTEE'S**
**NOTICE OF ADJUSTMENT TO PLAN PAYMENT**
*[Resolving ECF No. 43]*

## I.   INTRODUCTION

Retroactive application of laws and procedures is "objectionable and undesirable because it hurts our feeling of justice to inflict a sanction, especially a punishment, upon an individual because of an action or omission of which this individual could not know that it would entail this sanction."[1]  Yet, the chapter 13 Trustee's ("***Trustee***") procedure results in such a sanction.  This is a situation where a procedure newly implemented by Trustee resulted in a retroactive adjustment to chapter 13 debtors' plan payments due to the filing of a home mortgage proof of claim subsequent to plan confirmation.  Remarkably, the Bankruptcy Local Rules ("***BLR***") require that Trustee pay the amounts listed in allowed proofs of claim rather than on claims set forth in the plan.   BLR 3015-1(a)(4).   In twenty-five cases, this case included, Trustee retroactively adjusted—by increasing or decreasing—the plan payments to account for home mortgage proofs of claim filed after plan confirmation in which the amounts stated in the

---

[1]H. Kelsen, GENERAL THEORY OF LAW AND STATE 44 (Russell and Russell N. Y. 1961).

allowed proofs of claim differed from the amounts set forth in the confirmed plan. [ECF No. 52].

Thus this Court considers whether Trustee was within her authority to, on her own accord, retroactively alter confirmed plan payments based on an allowed home mortgage proof of claim filed after confirmation in which the amounts stated in the proof of claim differed from the amounts stated in the confirmed plan. This Memorandum Opinion and accompanying order shall apply to all chapter 13 cases, other than Judge Rodriguez's recusal cases, in which Trustee has filed a Notice of Adjustment to Plan Payment, which was triggered by the filing of a home mortgage proof of claim after confirmation of a chapter 13 plan.[2] [ECF No. 52-1]; *see also* [Case Nos. 16-10222, 16-10247, 16-10296, 16-10299, 16-10305, 16-10329, 16-10332, 15-20332, 16-20295, 16-20303, 16-20339, 16-20379, 16-20394, 16-20399, 16-20402, 16-20423, 16-70282, 16-70301 (dismissed January 26, 2017), 16-70335, 16-70357, 16-70366, 16-70375, 16-70402, 16-70442] (collectively, the "***Impaired Cases***").

## II. <u>FINDINGS OF FACT</u>

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On August 1, 2016, Jo Ana Velazquez ("***Debtor***") commenced a proceeding under

---

[2] This Memorandum Opinion and accompanying order shall apply to the instant case and all of the Impaired Cases, totaling twenty-five cases across the McAllen, Brownsville, and Corpus Christi Divisions. Trustee was ordered to leave any cases from which this Court is recused off of the list; however, she included Case No. 16-70324, which Judge Rodriguez is recused from. [ECF No. 52-1] (listing the case as assigned to Judge Isgur). Therefore, this ruling will have no impact on Case No. 16-70324.

chapter 13, title 11 of the United States Code[3] and filed a standard Southern District of Texas chapter 13 plan (the "***Plan***") on the same date.  [Case No. 16-70326, ECF Nos. 1, 2].  Section No. 4 of Debtor's Plan provisions for home mortgage pre-petition arrearages in the amount of $2,800.00 and a monthly mortgage payment in the amount of $598.00 in favor of Ditech Financial LLC FKA Green Tree Servicing ("***Ditech***").  [ECF No. 2 at 3].  Debtor's monthly Plan payment is scheduled in the amount of $1,125.00 commencing September 1, 2016.[4]  *Id.* at 1.  On August 2, 2016, the Court entered a wage order in the amount of $519.23.00 bi-weekly— $1,125.00 monthly—in order to facilitate the performance of Debtor's Plan.  [ECF No. 9].  On October 17, 2016, the Court confirmed Debtor's Plan.  [ECF No. 26] (the "***Confirmed Plan***").

On December 14, 2016, U.S. Bank, N.A. as trustee for Mid-State Capital Corporation 2005-1 ("***U.S. Bank***") filed its home mortgage proof of claim.  [Claim No. 5-1] (the "***Proof of Claim***").  Ditech acts as the servicer for the mortgage held by U.S. Bank.  *Id.*  The Proof of Claim sets forth a pre-petition arrearage in the amount of $6,727.43 and a monthly mortgage payment in the amount of $912.84.  *Id.* at 2, 5.  No objections were lodged against the Proof of Claim; thus, it is allowed.  *See* 11 U.S.C. § 502(a).  Subsequently, on January 27, 2017, Ditech filed a Notice of Mortgage Payment Change ("***NPC***") setting forth the new monthly mortgage payment in the amount of $740.94 effective February 17, 2017.  [ECF No. 30].

On February 7, 2017, Trustee filed a "Chapter 13 Trustee's Notice of Adjustment to Plan Payment," which was amended on February 8, 2017.  [ECF No. 32]; [ECF No. 33] (the "***Amended Notice***").  The Amended Notice provides as follows:

NOTICE   IS   HEREBY   GIVEN,   that   on   December   14,   2016,   DITECH

---

[3] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C. or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

[4] Calculated as $1,075.00 of base payment plus $50.00 for an emergency savings fund.

FINANCIAL LLC FKA GREEN TREE SERVICING, filed a proof of claim (court claim #5) subsequent to confirmation of the Chapter 13 Plan which provides for a monthly mortgage payment contrary to the amount stated in the plan. No objection was filed within 21 days thereafter. Therefore, the Trustee will make adjusted monthly mortgage payments in the amount set forth in the proof of claim and adjust the Chapter 13 plan payment accordingly.

**Effective with the September 1, 2016 plan payment, the Chapter 13 plan payment is increased by the sum of $341.60, for a total of $1,516.60. This increase is effective to all subsequent plan payments, unless otherwise ordered by the Court.** Failure of the Debtor to comply with this adjustment shall be grounds for dismissal of this case.

[ECF No. 33 at 1] (emphasis added).

On February 8, 2017, Trustee submitted an Amended Proposed Wage Order setting forth the following: (1) $1,516.60 if paid monthly; (2) $699.97 if paid bi-weekly; (3) $758.30 if paid semi-monthly; and (4) $349.98 if paid weekly. [ECF No. 34]. The Amended Wage Order was signed by the Court on February 9, 2017, and vacated *sua sponte* on February 27, 2017. [ECF Nos. 35, 38]. When Trustee issued her Amended Notice, she internally adjusted her records to reflect that Debtor's Plan payment had changed from its original confirmed monthly payment of $1,125.00 ("*Confirmed Plan Payment*") to $1,466.60 ("*New Plan Payment*") effective September 1, 2016. *See* [ECF No. 33]. The New Plan Payment consists of the Confirmed Plan Payment, $1,125.00, plus an additional $341.60, which is comprised of the difference between the Confirmed Plan's mortgage payment, $598.00, and the mortgage payment contained in the Proof of Claim, $912.84, and Trustee's commission of 8.5% (or $26.76), and excluding $50 reserved for Debtor's Emergency Savings Fund. *Compare* [ECF No. 2] *with* [ECF No. 33].

As of this Memorandum Opinion, a total of eight payments have become due under Debtor's Confirmed Plan. *See* [ECF No. 2]. However, Trustee's records reflect that out of the eight scheduled payments, the September 2016 – January 2017 payments are listed in the amount of $1,466.60 and the February – April 2017 payments are listed in the amount $1,280.09. Debtor

has paid in a total of $7,788.45, which under the Confirmed Plan Payment scheme would reflect a current delinquency in the amount of $1,122.55, or a little less than a full Plan payment.[5] Under the New Plan Payment scheme, Debtor's delinquency increases to $3,384.82, or a little over two and a half plan payments.[6]  Further, Trustee's records reflect that she has now disbursed a total of $5,305.14, or five (5) monthly mortgage payments, to Ditech, as servicer of the mortgage.[7]  Additionally, Trustee has also now filed a Motion to Dismiss Debtor's case based on an allegation that the Debtor was more than $3,388.07 in arrears in plan payments as of February 16, 2017.[8] [ECF No. 37].

On February 27, 2017, the Court issued an order setting this matter for a status conference.  [ECF Nos. 39, 40] (including as amended, the "***Order***").  The Court directed Trustee to appear, either in person or by and through legal counsel, before this Court during the normal chapter 13 panel hearings on March 8, 2017, at which time she was to articulate the legal authority that authorized her to retroactively adjust Debtor's monthly Plan payment in the amount set forth in the Amended Notice.  [ECF No. 40].  The Court also required the United States Trustee to appear at the hearing, either in person or telephonically.  *Id.*

On February 28, 2017, Trustee filed a "Chapter 13 Trustee's Withdrawal of Amended Chapter 13 Trustee's Notice of Adjustment to Plan Payment."  [ECF No. 42] (withdrawing [ECF No. 33]).  Contemporaneously, Trustee filed a "Chapter 13 Trustee's Notice of Adjustment to

---

[5] Calculated as $1,125.00 x 8 =$9,000.00 -$7,788.45 = $1,211.55.

[6] Based on the NPC and Trustee's February 28, 2017 Notice of Adjustment to Plan Payment, the Debtor's plan payment was again adjusted to $1,280.09 beginning with the February 2017 payment.  [ECF Nos. 30, 43].  Trustee's records currently calculates the Debtor's delinquency as ($1,466.60 x 5 = $7,333.00) + ($1,280.09 x 3 = $3,840.27) = $11,173.27 -$7,788.45 = $3,384.82.

[7] Calculated as  912.84 x 5 = $4,564.20 + 740.94 = $5,305.14

[8] On March 23, 2017, the Trustee's Motion to Dismiss came before this Court.  The Trustee attempted to withdraw the motion; however, this Court abated dismissal pending further orders of this Court.

Plan Payment," which states:

> NOTICE IS HEREBY GIVEN, that on January 27, 2017, DITECH FINANCIAL LLC FKA GREEN TREE SERVICING filed a Notice of Mortgage Payment Change (docket #30). No party in interest filed a timely motion seeking a stay and obtained an order staying the proposed adjustment within the 21 day time period specified in the notice. Therefore, pursuant to Paragraph 1 of the Chapter 13 plan, the Trustee has adjusted the Chapter 13 plan payment.
>
> **Effective with the February 1, 2017 plan payment, the Chapter 13 plan payment is decreased by the sum of $186.51**. This decrease is effective to all subsequent plan payments, unless otherwise ordered by the Court. Failure of the Debtor to comply with this adjustment shall be grounds for dismissal of this case.

[ECF No. 43] (emphasis added) ("*New Notice*"). Additionally, and on the same date, Trustee filed an Amended Wage Order setting forth the following beginning March 1, 2017: (1) $1,230.09 if paid monthly; (2) $615.05 if paid semi-monthly; (3) $567.74 if paid bi-weekly; and (4) $283.87 if paid weekly. [ECF No. 44]. Trustee's New Notice conspicuously lacks the new plan payment amount which causes any reader of the Notice to take pause and calculate the new plan payment on their own. [ECF No. 43]. On March 8, 2017, Trustee filed an Amended Wage Order setting forth the following beginning on March 1, 2017: (1) $1,280.09 if paid monthly; (2) $640.05 if paid semi-monthly; (3) $590.82 if paid bi-weekly; (4) $295.41 if paid weekly. [ECF No. 49].

At the March 8, 2017 hearing, Ms. Kathryn Mills ("*Mills*") appeared as counsel for Trustee and Ms. Leighann Tognetti, on behalf of Marcos D. Oliva, P.C., appeared as Debtor's counsel. Ms. Cindy Boudloche, as Trustee, and Ms. Mary Hower ("*Hower*"), as counsel for Trustee, appeared telephonically. Although not specifically ordered to appear, Mr. David Peake ("*Peake*")—a chapter 13 trustee in the Houston Division—appeared telephonically at the hearing. The United States Trustee was ordered to appear, but no appearance was entered. *See* [ECF No. 40]. This Court questioned Trustee and her counsel regarding her authority to

retroactively adjust the Debtor's Plan payment based on the Proof of Claim. Mills indicated that the Trustee's office began to review its procedures in November 2016 in order to not impact the dividend to the unsecured creditors after a home mortgage proof of claim was filed post confirmation. Mills stated that in order to not impact the dividend paid to the unsecured creditors, and utilizing the same logic as the filing of a notice of plan adjustment in order to implement a 3002.1 notice of payment change, Trustee began to retroactively adjust plan payments across the board based on home mortgage proofs of claim filed post confirmation. Mills asserted that Trustee attempted to emulate the procedures implemented by the various chapter 13 trustees throughout the Southern District of Texas. After the Court questioned Mills on Trustee's authority to adjust a confirmed chapter 13 plan payment retroactively based on a home mortgage proof of claim filed after confirmation, she admitted that there was no legal authority to do so. Further, Hower asserted that twenty-seven cases[9] were impacted by this procedure across the McAllen, Brownsville, and Corpus Christi Divisions. *See also* [ECF Nos. 52, 52-1].

Peake testified that when a home mortgage proof of claim is filed after confirmation, his office files a notice with debtor's counsel to ensure the debtor doesn't fall too far behind and adjusts the plan "going forward," or on a prospective basis. Peake further testified that his understanding of Mr. William Heitkamp's—also a chapter 13 trustee in the Houston Division— procedures was that he only adjusts the amount paid on the mortgage payment to conform with the allowed home mortgage proof of claim but does not adjust the plan payment. The Court welcomed and appreciated Peake's input regarding his office's procedures and practices.

---

[9] At the hearing, Hower indicated that there were twenty-seven impaired cases, but the status report clarified that twenty-six cases are impaired, with one being a recusal case, leaving twenty-five cases under review by this Court. [ECF No. 52].

At the March 8, 2017 hearing, the Court ordered Trustee to file a list of all cases where a notice of adjustment to plan payment was implemented where a home mortgage proof of claim was filed by a mortgage company post confirmation, and which resulted in the retroactive adjustment of a debtor(s)' confirmed plan payments. *See also* [ECF No. 50]. Further, Trustee was ordered not to retroactively adjust any further chapter 13 plan payments in any case pending in the McAllen, Brownsville, or Corpus Christi Divisions. *Id.*

In accordance with this Court's order, Trustee filed a Status Report on March 20, 2017. [ECF No. 52] (the "***Status Report***"). Attached to the Status Report is a list of 26 Impaired Cases impacted by Trustee's retroactive adjustments to plan payments based on a home mortgage proof of claim filed post-confirmation. [ECF No. 52-1] (listing the Impaired Cases); *see* [Case No. 16-10222][10]; [ Case No. 16-10247][11]; [Case No. 16-10296][12]; [Case No. 16-10299][13]; [Case No. 16-

---

[10] Debtor, Juan Carlos Vizcarra, hired Attorney, Abelardo Limon, Jr. ("Limon"), and filed a case on July 15, 2016. [ECF No. 1]. Proofs of Claim were due by November 23, 2016. [ECF No. 15]. A chapter 13 plan containing a monthly mortgage payment in the amount of $913.55 was filed October 4, 2016 [ECF No. 32]. The plan was confirmed on October 31, 2016. [ECF No. 49]. Trustee's Notice of Adjustment to Plan Payment decreased Debtor's confirmed plan payment of $1,330.00 retroactively by $51.74 to $1,278.26 effective with the August 14, 2016 plan payment based on the Ditech Financial LLC proof of claim No. 9 containing a monthly mortgage payment in the amount of $865.86 filed November 23, 2016, 2016. [ECF No. 52]. The actual claimant on the Proof of Claim is The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for Bank of New York Mellon, as servicer with delegated authority. The Proof of Claim directs that all notices and payments are to be directed to Ditech Financial LLC F/K/A Green Tree Servicing, LLC [Claim No. 9-1].

[11] Debtor, Gregory Vinson, hired Attorney, Marcos D. Oliva ("***Oliva***"), and filed his case on August 4, 2016. [ECF No. 1]. Proofs of Claim were due by December 14, 2016. [ECF No. 15]. A chapter 13 plan containing a monthly mortgage payment in the amount of $1,082.30 was filed September 22, 2016. [ECF No. 29]. The plan was confirmed on October 5, 2016. [ECF No. 36]. Trustee's Notice of Adjustment to Plan Payment filed February 8, 2017, increased Debtor's confirmed plan payment of $2,050.00 for months one and two (1 & 2) and $2,090.00 for months three through thirty-six (3 – 36) retroactively by $4.07 to $2,054.07 and $2,094.07, respectively, effective with the September 3, 2016 plan payment based on the Wells Fargo Bank N.A. proof of claim No. 5 containing a monthly mortgage payment in the amount of $1,086.05 filed December 14, 2016. [ECF No. 40]. The actual claimant on the Proof of Claim is U.S. Bank National Association, As Trustee, Successor In Interest To Wachovia Bank, National Association, As Trustee For GSMPS Mortgage Loan Trust 2005-RP3 The Proof of Claim directs that all notices and payments are to be directed to Wells Fargo Bank, N.A. [Claim No. 5-1].

[12] Debtor, Gabino Acuna, hired Attorney, Christopher L. Phillippe, and filed his case on September 1, 2016. [ECF No. 1]. Proofs of Claim were due by January 11, 2017. [ECF No. 10]. A chapter 13 plan containing a monthly mortgage payment in the amount of $727.30 was filed October 28, 2016. [ECF No. 26]. Trustee's Notice of Adjustment to Plan Payment filed January 4, 2017, decreased Debtor's confirmed plan payment of $1,200.00 for

10305][14]; [Case No. 16-10329][15]; [Case No. 16-10332][16]; [Case No. 15-20332][17]; [Case No. 16-

month one (1) and $1,250.00 for months two – sixty (2-60) retroactively by $66.01 to $1,133.99 and $1,183.99, respectively, effective with the October 1, 2016 plan payment based on the SRC Management proof of claim No. 1, which contains a monthly mortgage payment in the amount of $666.46, filed November 21, 2016. [ECF No. 43]. The actual claimant on the Proof of Claim is Mary Rogers. The Proof of Claim directs that all notices, but not payments, should be directed to SRC Management, Inc. [Claim No. 1-1].

[13] Debtor, Eric Cornejo, hired Attorney, Enrique J. Solana ("**Solana**"), and filed his case on September 6, 2016. [ECF No. 1]. Proofs of Claim were due by January 11, 2017. [ECF No. 19]. A chapter 13 plan containing a monthly mortgage payment in the amount of $1,161.92 was filed November 1, 2016. [ECF No. 40]. The plan was confirmed on November 2, 2016. [ECF No. 43]. Trustee's Notice of Adjustment to Plan Payment filed February 9, 2017, decreased Debtor's confirmed plan payment of $1,890.00 retroactively by $34.16 to $1,855.84 effective with the October 6, 2016 plan payment based on the Ditech proof of claim No. 4 containing a monthly mortgage payment in the amount of $1,130.44, filed January 11, 2017. [ECF No. 51]. The actual creditor listed on the Proof of Claim is U.S. Bank. The Proof of Claim directs that all notices and payments are to be directed to Ditech. [Claim No. 4-1].

[14] Debtors, Agustin and America Saenz, hired Limon and filed their case on September 14, 2016. [ECF No. 1]. Proofs of Claim were due by January 25, 2017. [ECF No. 23]. A chapter 13 plan containing a monthly mortgage payment in the amount of $668.97 was filed September 14, 2016. [ECF No. 2]. The plan was confirmed on November 28, 2016. [ECF No. 31]. Trustee's Notice of Adjustment to Plan Payment filed February 26, 2017, decreased Debtor's confirmed plan payment of $1,985.00 retroactively by $1.94 to $1,983.06 effective with the October 14, 2016 plan payment based on the Cenlar FSB proof of claim No. 21 containing a monthly mortgage payment in the amount of $667.18, filed January 25, 2017. [ECF No. 36]. The actual creditor on the Proof of Claim is Lakeview Loan Servicing, LLC. The Proof of Claim directs that all notices and payments are to be directed to Cenlar FSB [Claim No. 21-1].

[15] Debtor, Gerardo I. Rodriguez, hired Limon and filed his case on October 3, 2016. [ECF No. 1]. Proofs of Claim were due by February 8, 2017. [ECF No. 8]. A chapter 13 plan containing a monthly mortgage payment in the amount of $887.00 was filed October 13, 2016. [ECF No. 28]. The plan was confirmed on December 1, 2016. [ECF No. 28]. Trustee's Notice of Adjustment to Plan Payment filed February 13, 2017, decreased Debtor's confirmed plan payment retroactively of $1,350.00 by $5.26 to $1,344.74 effective with the November 2, 2016 plan payment based on the Ditech proof of claim No. 4 containing a monthly mortgage payment in the amount of $882.15 filed January 19, 2017. [ECF No. 33].

[16] Debtor, Eduardo Sanchez, hired Solana and filed his case on October 4, 2016. [ECF No. 1]. Proofs of Claim were due by February 8, 2017. [ECF No. 12]. A chapter 13 plan containing a monthly mortgage payment in the amount of $678.68 was filed November 23, 2016. [ECF No. 24]. The plan was confirmed on January 4, 2017. [ECF No. 35]. Trustee's Notice of Adjustment to Plan Payment filed February 13, 2017, decreased Debtor's confirmed plan payment of $1,200.00 for months one through two (1-2) and $1,632.00 for months three through sixty (3-60), retroactively by $101.79 to the amounts of $1,098.21 and $1,530.21 respectively effective with the November 3, 2016 plan payment based on the Nationstar Mortgage LLC proof of claim No. 5 containing a monthly mortgage payment in the amount of $584.86, filed January 20, 2017. [ECF No. 39].

[17] Debtor, Shacrom L. Thompson, hired Attorney, Joel Gonzalez, and filed a case on August 29, 2015. [ECF No. 1]. Proofs of Claim were due by February 8, 2016. [ECF No. 23]. A chapter 13 plan containing a monthly mortgage payment in the amount of $890.73 was filed December 29, 2015. [ECF No. 40]. The plan was confirmed on January 12, 2016. [ECF No. 42]. Trustee's Notice of Adjustment to Plan Payment filed February 9, 2017, increased Debtor's confirmed plan payment of $3,565.00 retroactively by $15.18 to $3,580.18 effective with the September 28, 2015 plan payment based on the Ocwen Loan Servicing LLC proof of claim No. 12 containing a monthly mortgage payment in the amount of $904.72, filed December 16, 2016. [ECF No. 55].

20295][18]; [Case No. 16-20303][19]; [Case No. 16-20339][20]; [Case No. 16-20379][21]; [Case No. 16-20394][22]; [Case No. 16-20399][23]; [Case No. 16-20402][24]; [Case No. 16-20423][25]; [Case No. 16-

---

[18] Debtors, Jesus and Carla Amaya, hired Attorney, Allan L. Potter, and filed their case on August 1, 2016.  [ECF No. 1].  Proofs of Claim were due by December 13, 2016.  [ECF No. 12].  A chapter 13 plan containing a monthly mortgage payment in the amount of $825.00 was filed October 11, 2016.  [ECF No. 26].  The plan was confirmed on October 18, 2016.  [ECF No. 29].  Trustee's Notice of Adjustment to Plan Payment filed February 8, 2017, decreased Debtors' confirmed plan payment of $1,295.00 retroactively by $91.75 to $1,203.25 effective with the September 1, 2016 plan payment based on the Cenlar FSB proof of claim No. 7 containing a monthly mortgage payment in the amount of $740.44 filed December 13, 2016.  [ECF No. 36].  The actual creditor listed on the Proof of Claim is CMG Mortgage, Inc.  The Proof of Claim directs that all notices and payments be directed to Cenlar FSB [Claim No. 7-1].

[19] Debtor, Maria J. Garcia, hired Attorney, Adelita Cavada, and filed her case on August 2, 2016.  [ECF No. 1].  Proofs of Claim were due by December 13, 2016.  [ECF No. 12].  A chapter 13 plan containing a monthly mortgage payment in the amount of $949.87 was filed August 2, 2016.  [ECF No. 2].  The plan was confirmed on October 12, 2016.  [ECF No. 27].  Trustee's Notice of Adjustment to Plan Payment filed January 5, 2017, increased Debtor's confirmed plan payment of $1,265.00 retroactively by $216.35 to $1,481.35 effective with the September 1, 2016 plan payment based on the Rushmore Loan Management Services proof of claim No. 2 containing a monthly mortgage payment in the amount of $1,149.27, filed December 5, 2016.  [ECF No. 34].    The actual creditor listed on the Proof of Claim is Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually But As Trustee For Pretium Mortgage Acquisition Trust.  The Proof of Claim directs that all notices and payments should be directed to Rushmore Loan Management Services, LLC [Claim No. 2-1].

[20] Debtor, June E. Martinez, hired Attorney, J. Todd Malaise ("*Malaise*"), and filed her case on September 2, 2016.  [ECF No. 1].  Proofs of Claim were due by January 10, 2017.  [ECF No. 9].  A chapter 13 plan containing a monthly mortgage payment in the amount of $581.03 was filed November 10, 2016.  [ECF No. 31].  The plan was confirmed on November 15, 2016.  [ECF No. 34].  Trustee's Notice of Adjustment to Plan Payment filed February 8, 2017, increased Debtor's confirmed plan payment of $1,600.00 retroactively by $4.61 to $1,604.61 effective with the October 2, 2016 plan payment based on the Nationstar Mortgage LLC proof of claim No. 8 containing a monthly mortgage payment in the amount of $585.28 filed December 21, 2016.  [ECF No. 42]

[21] Debtors, Enrique and Sylvia Nava, hired Malaise and filed their case on September 28, 2016.  [ECF No. 1].  Proofs of Claim were due by February 7, 2017.  [ECF No. 18].  A chapter 13 plan containing a monthly mortgage payment in the amount of $600.00 was filed November 29, 2016.  [ECF No. 36].  The plan was confirmed on December 7, 2016.  [ECF No. 42].  Trustee's Notice of Adjustment to Plan Payment filed February 22, 2017, decreased Debtors' confirmed plan payment of $880.00 retroactively by $40.20 to $839.80 effective with the October 28, 2016 plan payment based on the Ditech Financial LLC FKA Green Tree Servicing proof of claim No. 17 containing a monthly mortgage payment in the amount of $562.95, filed January 31, 2017.  [ECF No. 48].

[22] Debtor, Brent E. Mircovich, hired Attorney, William A. Whittle, and filed his case on October 3, 2016.  [ECF No. 1].  Proofs of Claim were due by February 7, 2017.  [ECF No. 9].  A chapter 13 plan containing a monthly mortgage payment in the amount of $1,582.75 was filed January 5, 2017.  [ECF No. 29].  The plan was confirmed on January 18, 2017.  [ECF No. 35].  Trustee's Notice of Adjustment to Plan Payment filed February 13, 2017, decreased Debtor's confirmed plan payment of $1,900.00 for months one through two (1-2) and $2,000.00 for months three through fifteen (3-15) retroactively by $125.22 to $1,774.78 and $1,874.78 respectively effective with the November 2, 2016 plan payment based on the Nationstar Mortgage LLC proof of claim No. 6 containing a monthly mortgage payment in the amount of $1,467.34, filed January 20, 2017.  [ECF No. 39].

[23] Debtor, Cynthia A. Lozano-Ayer, hired Malaise and filed her case on October 3, 2016.  [ECF No. 1].  Proofs of Claim were due by February 7, 2017.  [ECF No. 6].  A chapter 13 plan containing a monthly mortgage payment in

70282][26]; [Case No. 16-70301][27];  [Case No. 16-70335][28]; [Case No. 16-70357][29]; [Case No. 16-

---

the amount of $2,395.30 was filed January 10, 2017.  [ECF No. 51].  The plan was confirmed on January 13, 2017. [ECF No. 54].  Trustee's Notice of Adjustment to Plan Payment filed February 22, 2017, increased Debtor's confirmed plan payment of $4,890.00 for months one through three (1-3) and $5,000.00 for months four through sixty (4-60) retroactively by $315.97 to $5,205.97 and $5,315.97 respectively effective with the November 2, 2016 plan payment based on the Shellpoint Mortgage Servicing proof of claim No. 9 containing a monthly mortgage payment in the amount of $2,686.52, filed January 28, 2017.  [ECF No. 58].  The Proof of Claim filed on January 28, 2017 was amended on January 30, 2017 and lists the actual creditor as Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust.  The Proof of Claim directs that all notices are to be sent to Shellpoint Mortgage Servicing, but does not direct where payments should be sent [Claim No. 9-1].

[24] Debtor, Ruby P. Hernandez, hired Malaise and filed her case on October 3, 2016.  [ECF No. 1].  Proofs of Claim were due by February 7, 2017.  [ECF No. 4].  A chapter 13 plan containing a monthly mortgage payment in the amount of $328.82 was filed January 9, 2017.  [ECF No. 32].  The plan was confirmed on January 13, 2017.  [ECF No. 35].  Trustee's Notice of Adjustment to Plan Payment filed February 13, 2017, decreased Debtor's confirmed plan payment of $484.00 for months one through two (1-2) and $525.00 for months three through sixty (3-60) retroactively by $8.04 in the amounts of $475.96 and $516.96 respectively effective with the November 2, 2016 plan payment based on the Bank of America N.A. proof of claim No. 3 filed January 21, 2017 containing a monthly mortgage payment in the amount of $321.41.  [ECF No. 39].

[25] Debtor, Rosa L. Garcia, hired Malaise and filed her case on October 13, 2016.  [ECF No. 1].  Proofs of Claim were due by February 21, 2017.  [ECF No. 13].  A chapter 13 plan containing a monthly mortgage payment in the amount of $497.00 was filed November 30, 2016.  [ECF No. 25].  The plan was confirmed on December 7, 2016. [ECF No. 27].  Trustee's Notice of Adjustment to Plan Payment filed February 9, 2017, increased Debtor's confirmed plan payment in the amount of $800.00 retroactively by $17.56 to $817.56 effective with the November 12, 2016 plan payment based on the Bank Of America N.A. proof of claim No. 4 containing a monthly mortgage payment in the amount of $513.18, filed January 8, 2017.  [ECF No. 32].

[26] Debtors, Manuel and Miriam Peralez, hired Oliva and filed their case on July 1, 2016.  [ECF No. 1].  Proofs of Claim were due by November 9, 2016.  [ECF No. 10].  A chapter 13 plan containing a monthly mortgage payment in the amount of $1,032.92 was filed August 2, 2016.  [ECF No. 31].  The plan was confirmed on September 19, 2016.  [ECF No. 41].  Trustee's Notice of Adjustment to Plan Payment filed January 4, 2017, decreased Debtors' confirmed plan payment of $1,775.00 for month one (1) and $1,935.00 for months two through sixty (2-60) retroactively by $16.72 in the amounts of $1,758.28 and $1,918.28 respectively effective with the August 1, 2016 plan payment based on the J.P. Morgan Chase Bank proof of claim No. 23 containing a monthly mortgage payment in the amount of $1,017.51, filed November 1, 2016.  [ECF No. 47].

[27] Debtor, Alicia Lozano, hired Oliva and filed her case on July 12, 2016.  [ECF No. 1].  Proofs of Claim were due by November 23, 2016.  [ECF No. 16].  A chapter 13 plan containing a monthly mortgage payment in the amount of $882.04 was filed July 12, 2016.  [ECF No. 2].  The plan was confirmed on September 22, 2016.  [ECF No. 28]. Trustee's Notice of Adjustment to Plan Payment filed January 5, 2017, decreased Debtor's confirmed plan payment of $1,190.00 retroactively by $46.05 to $1,143.95 effective with the August 11, 2016 plan payment based on the U.S. Bank proof of claim No. 2 containing a monthly mortgage payment in the amount of $839.60, filed November 21, 2016. [ECF No. 31].  Debtor's case was dismissed on January 26, 2017.  [ECF No. 32].

[28] Debtors, Ernest and Teresa Dunford, hired Attorney, William A. Csabi ("*Csabi*"), and filed their case on August 4, 2016.  [ECF No. 1].  Proofs of Claim were due by December 14, 2016.  [ECF No. 19].  A chapter 13 plan containing a monthly mortgage payment in the amount of $438.00 was filed October 11, 2016.  [ECF No. 29].  The plan was confirmed on October 17, 2016.  [ECF No. 33].  Trustee's Notice of Adjustment to Plan Payment filed February 7, 2017, increased Debtors' confirmed plan payment in the amount of $1,775.00 for month one (1) and $1,815.00 for months two through sixty (2-60) retroactively by $2.15 in the amounts of $1,777.15 and $1,817.15

70366)[30]; [Case No. 16-70375][31]; [Case No. 16-70402][32]; [Case No. 16-70442].[33]  In the Status

Report, Trustee acknowledges that there is no authority to support retroactively adjusting plan

respectively, effective with the September 3, 2016 plan payment based on the S.N. Servicing proof of claim No. 8 containing a monthly mortgage payment in the amount of $439.98, filed November 23, 2016.  [ECF No. 38].  [28] The actual creditor on the Proof of Claim is U.S. Bank National Association, as Trustee of the Security National Mortgage Loan Trust 2006-2.  The Proof of Claim directs that all notices and payments are to be sent to SN Servicing Corporation.  [Claim No. 8-1].

[29] Debtors, Juan and Maria Saenz, hired Csabi and filed their case on August 23, 2016.  [ECF No. 1].  Proofs of Claim were due by December 28, 2016.  [ECF No. 15].  A chapter 13 plan containing a monthly mortgage payment in the amount of $452.00 was filed September 27, 2016.  [ECF No. 26].  The plan was confirmed on November 8, 2016.  [ECF No. 37].  Trustee's Notice of Adjustment to Plan Payment filed February 9, 2017, increased Debtors' confirmed plan payment of $810.00 for month one (1) and $860.00 for months two through sixty (2-60) retroactively by $84.52 in the amounts of $894.52 and $944.52 respectively, effective with the September 22, 2016 plan payment based on the Ditech proof of claim No. 5 containing a monthly mortgage payment in the amount of $529.90, filed December 28, 2016.  [ECF No. 41].

[30] Debtors, Humberto and Deanna Silva, hired Oliva and filed their case on August 30, 2016. [ECF No. 1].  Proofs of Claim were due by January 11, 2017.  [ECF No. 15].  A chapter 13 plan containing a monthly mortgage payment in the amount of $1,020.00 was filed October 13, 2016.  [ECF No. 24].  The plan was confirmed on November 14, 2016.  [ECF No. 26].  Trustee's Notice of Adjustment to Plan Payment filed February 9, 2017, decreased Debtors' confirmed plan payment of $1,665.00 retroactively by $52.30 to $1,612.70 effective with the September 28, 2016 plan payment based on the Wells Fargo N.A. proof of claim No. 4 containing a monthly mortgage payment in the amount of $971.80, filed January 11, 2017.  [ECF No. 29].

[31] Debtor, Diana Cantu, hired Oliva and filed her case on September 2, 2016.  [ECF No. 1].  Proofs of Claim were due by January 11, 2017.  [ECF No. 11].  A chapter 13 plan containing a monthly mortgage payment in the amount of $588.60 was filed September 2, 2016.  [ECF No. 2].  The plan was confirmed on November 16, 2016.  [ECF No. 22].  Trustee's Notice of Adjustment to Plan Payment filed February 7, 2017, increased Debtor's confirmed plan payment of $1,150.00 retroactively by $180.01 to $1,330.01 effective with the October 2, 2016 plan payment based on the Security First Federal Credit Union proof of claim No. 1 containing a monthly mortgage payment in the amount of $754.51 filed December 14, 2016.  [ECF No. 27].

[32] Debtors, Mario and Melinda Duran, hired Oliva and filed their case on September 16, 2016.  [ECF No. 1].  Proofs of Claim were due by January 25, 2017.  [ECF No. 25].  A chapter 13 plan containing a monthly mortgage payment in the amount of $1,332.00 was filed November 15, 2016.  [ECF No. 48].  The plan was confirmed on November 16, 2016.  [ECF No. 49].  Trustee's Notice of Adjustment to Plan Payment filed February 13, 2017, increased Debtors' confirmed plan payment of $2,235.00 for months one through two (1-2) and $2,593.00 for months three through sixty (3-60) retroactively by $94.47 in the amounts of $2,329.47 and $2,687.47 respectively, effective with the October 16, 2016 plan payment based on the Cenlar FSB proof of claim No. 10 containing a monthly mortgage payment in the amount of $1,419.07, filed January 17, 2017.  [ECF No. 54].  The actual creditor on the Proof of Claim is Amerihome Mortgage Company, LLC. The Proof of Claim directs that all notices and payments are to be directed to Cenlar FSB.  [Claim No. 10-1].

[33] Debtor, Rolando Ramirez, hired Oliva and filed his case on October 11, 2016.  [ECF No. 1].  Proofs of Claim were due by March 8, 2017.  [ECF No. 28].  A chapter 13 plan containing a monthly mortgage payment in the amount of $1,264.79 was filed January 6, 2017.  [ECF No. 38].  The plan was confirmed on January 23, 2017.  [ECF No. 44].  Trustee's Notice of Adjustment to Plan Payment filed February 22, 2017, increased Debtor's confirmed plan payment of $2,100.00 for months one through three (1-3) and $2,150.00 for months four through sixty (4-60) retroactively by $62.57 to $2,162.57 and $2,212.57 respectively, effective with the November 10, 2016 plan payment based on the Texas National Bank proof of claim No. 10 containing a monthly mortgage payment in the amount of $1,322.46 filed January 29, 2017.  [ECF No. 47].

payments based on a home mortgage proof of claim filed after confirmation.  [ECF No. 52 at 1].

The Status Report reiterates Trustee's testimony that in November 2016, she began retroactively

adjusting the plan payment in such cases, largely due to a consultation with Peake.  *Id.* at 1–2.

Based on his testimony at the hearing, it appears that Peake applies an automatic adjustment to

the plan payment prospectively, but does not apply the adjustment retroactively.  *See id.* at 1.

Trustee acknowledges that the retroactive adjustments should be rectified in any of the

Impaired Cases in which it was applied.  *Id.* at 2.  Additionally, in the Status Report, Trustee

questions whether a plan payment adjustment triggered by a proof of claim filed post-

confirmation should be treated the same as a notice of payment change and welcomes this

Court's direction.  [Case No. 16-70326, ECF No. 52].

Finally, on March 27, 2017, Ditech filed its Notice of Mortgage Payment Change

implementing a new monthly mortgage payment in the amount of $886.04 effective April 17,

2017.  [ECF No. 53]

### III.  <u>LEGAL STANDARD</u>

Bankruptcy Local Rule 3015-1(a) provides that "[f]rom time-to-time, the Bankruptcy

Court will promulgate a uniform form of Chapter 13 Plan and Motion For Valuation of

Collateral and a uniform Chapter 13 Plan Summary."  The current Uniform Plan and Motion for

Valuation of Collateral (the "***Uniform Plan***"), which became effective January 1, 2015,

provides, in part, in section 4(A)[34] that:

> The following table sets forth the treatment of certain classes of secured creditors
> holding a claim secured only by a security interest in real property that is the
> Debtor(s)' principal residence.  The amount listed as the "Principal Amount of
> Claim for Arrearage" is the amount proposed by the Debtor(s) in this Plan.  If the
> actual allowed claim is in a different amount, the amount paid pursuant to this

---

[34] Section 4 of the Uniform Plan applies to "Secured Claim for Claim Secured Only by a Security Interest in Real
Property that is the Debtor(s)' Principal Residence (Property to be Retained)."

> Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan. The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan.

Additionally, "[t]he uniform plan is structured to pay based on allowed claims rather than on claims as set forth in the plan." BLR 3015-1(a)(4). "Accordingly, if a claim is allowed in an amount greater than the amount set forth in the plan, no *plan modification* will be required unless the allowance of a larger claim leaves the plan with insufficient funds to pay claims." *Id.* (emphasis added).

Chapter 13 trustees are charged with performing certain duties under the Code while administering a chapter 13 case. 11 U.S.C. § 1302(b). Significantly, one of those duties is to serve as a "disbursing agent." *In re Perez*, 339 B.R. 385, 390 (Bankr. S.D. Tex. 2006) (citing *In re Mendoza*, 111 F.3d 1263, 1267 (5th Cir. 1997)). Pursuant to 11 U.S.C. § 1326(b), the chapter 13 trustee must distribute the debtor's monthly plan payments to the claimants under the plan. *In re Foster*, 670 F.2d 478, 486 (5th Cir. 1982) (finding that "§ 1326(b) also makes it clear that the Chapter 13 trustee is normally to make distributions to creditors of the payments made under the plan by the debtor"). Regarding a debtor's home mortgage, "[h]ome mortgage payments will be made through the chapter 13 trustee, in accordance with Home Mortgage Payment Procedures." BLR 3015-1(b). "Home Mortgage Payment Procedures shall be procedures adopted by the chapter 13 trustees and approved by the court." *Id.*

The Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments (the "**Home Mortgage Procedures**") were adopted by the Southern District of Texas on September 29, 2005, and last amended on March 1, 2012.[35] Paragraph 3(C) of the Home Mortgage

---

[35] *Available at* http://www.txs.uscourts.gov/sites/txs/files/Ch13HomeMortgageProcedures.pdf.

Procedures authorizes the Trustee to disburse funds for "all regular contractual installment payments due under the Ongoing Mortgage. . . [and] [d]isbursements should commence as soon as is practicable."

A confirmed plan may be modified "any time after confirmation of the plan but before completion of the payments . . . to increase or reduce the amount of payments on claims of a particular class provided for by the plan." 11 U.S.C. § 1329(a)(1). Plan amendments may be filed "before the expiration of 6 months after the claims bar date . . . to amend a confirmed plan solely to treat or pay for claims filed prior to the claims bar date that make the confirmed plan deficient." BLR 3015-1(e). The Southern District of Texas has promulgated a "Uniform Motion to Amend Confirmed Chapter 13 Plan to Satisfy Recently Filed, Timely Proofs of Claim."[36] BLR 3015-1(e)(1-2). Further, a Uniform Motion must be noticed and set for a hearing, but if no timely objection is filed the Court can grant relief by default. BLR 3015-1(e)(3), (5).

## IV.   CONCLUSIONS OF LAW

### A. Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). Before this Court is a unique situation involving Trustee implementing procedures that result in a retroactive adjustment to Debtor's Confirmed Plan Payment. [ECF No. 33]. This is a core matter because the issue involves in what manner Trustee will handle an "adjustment of the

---

[36] *Available at* http://www.txs.uscourts.gov/sites/txs/files/form_3015.pdf. (a "***Uniform Motion***").

debtor-creditor relationship" when a mortgage holder files a home mortgage proof of claim after a plan is confirmed.  § 157(b)(2)(O); *see also In re Digerati Tech., Inc.*, 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015).  Additionally, this matter "concern[s] the administration of the estate" and is a situation that could only arise in the context of a bankruptcy proceeding.  § 157(b)(2); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[37]

This Court may only hear a case in which venue is proper.  28 U.S.C. § 1408.  In this case, Debtor resides in Edinburg, Texas.  [ECF No. 1].  Therefore, venue is proper.

### B.  Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.  *Stern v. Marshall*, 564 U.S. 462 (2011).  *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters).  As discussed above, the issue in this case is squarely a core matter regarding Trustee's procedures involving adjusting chapter 13 plan payments following a mortgage holder's proof of claim filed after confirmation.  *See* [ECF No. 33].  This case is not potentially in violation of this Court's constitutional authority because there is no "final determination of the rights of the parties to secure the relief they seek."  *See In re Texas Extrusion Corp.*, 844 F.2d 1142, 1154–55 (5th Cir. 1988).  Debtor's Plan can be modified and thus this decision is purely interlocutory.  *See generally In re Wright*, 2017 WL 685562, at *5 (Bankr. S.D. Tex. Feb. 21, 2017); *In re Brothers Materials, Ltd.*, 2016 WL 7338409, at *7 (Bankr. S.D. Tex. Nov. 28, 2016).  Even if this is a final determination, as this is an issue that can only arise in a bankruptcy, constitutional authority is not impaired.  *C.f. In re Tavares*, 547 B.R. 204, 211 (Bankr. S.D. Tex. 2016).  Therefore, assuming *arguendo* that this ruling constitutes a final order, this Court holds

---

[37] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

constitutional authority to enter a final order and judgment with respect to the core matter at bar.

§ 157(b)(2).

### C. Trustee Lacks The Authority to Retroactively Adjust a Confirmed Plan Payment Based on an Allowed Home Mortgage Proof of Claim Filed After Confirmation

The chapter 13 trustee is the principal administrator in chapter 13 bankruptcies.  *In re Maddox*, 15 F.3d 1347, 1355 (5th Cir. 1994); *In re Chapter 13 Plan Administration in the Brownsville, Corpus Christi, and McAllen Divisions*, 2016 WL 2772099, at *4 (Bankr. S.D. Tex. May 6, 2016) (finding that "[r]esponsibility for the administration of the chapter 13 process is primarily vested in three independent parties: the Court, the United States Trustee, and the chapter 13 standing trustee").  However, the Code demonstrates that "a chapter 13 trustee is no mere disbursing agent."  *In re Maddox*, 15 F.3d at 1355.  To wit, § 1302 "grants the chapter 13 trustee various powers to ensure that such collections and disbursements occur equitably, according to the dictates of Congress."  *Id.*  Under § 1302(b)(1), "the chapter 13 trustee has the power . . . to examine proofs of claim and object to the allowance of any claim that is improper."  *Id.* (citing 11 U.S.C. § 704(5)).  However, the chapter 13 trustee is required to follow the parameters of the Code, the confirmed plan, the BLR, and the Home Mortgage Procedures.  BLR 3015-1; *see generally Kinsley v. Lakeview Regional Med. Ctr., LLC*, 570 F.3d 586, 589 (5th Cir. 2009) (noting that local rules carry the force of law provided there is no conflict with the Constitution, the Supreme Court, or a statute).

### 1) Debtor's Confirmed Plan

In accordance with BLR 3015-1(a), Debtor utilized the Uniform Plan promulgated by the Southern District of Texas.  *See* [ECF No. 2].  Debtor's home mortgage is treated under Section 4 of the Plan.  *Id.* at 3.  As confirmed, the Plan lists the "amount of estimated periodic payment"

for the Debtor's mortgage as $598.00. *Id.* Debtor's confirmed Plan payment is $1,125.00. *Id.* at 1. Conversely, the Proof of Claim lists the Debtor's monthly mortgage payment as $912.84. [Claim No. 5-1 at 5]. The Amended Notice retroactively increased Debtor's confirmed Plan payment to $1,516.00. [ECF No. 33]. Both the Amended Notice and the Amended Wage Order, however, incorrectly list the New Plan Payment. *See* [ECF Nos. 33, 35]. The New Plan Payment of $1,466.60 is the result of adding the additional $341.60 from the Amended Notice to the Confirmed Plan Payment. Conversely, the Amended Notice and the Amended Wage Order indicate that the monthly plan payment is $1,516.60, which is $50.00 more than Trustee's records reflect. *See* [ECF Nos. 33, 35]. The incorrect calculation appears to be the result of Trustee adding the $50.00 emergency savings fund contribution twice in the Amended Notice and the Amended Wage Order. *See* [ECF Nos. 33, 35].

Section 4(A) of the Uniform Plan provisions that "[i]f the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be due on the actual amount of the allowed claim without the need of an amended plan. . . [and] [t]he amount listed as 'Amount of Estimated Periodic Payment' will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan." Further, Section 4(A) emphasizes that home mortgage claims "will be paid in accordance with the pre-petition contract held by the holder of the secured claim." Section 4(A) instructs Trustee to pay home mortgage payments "in accordance with the Home Mortgage Payment Procedures." Concerning plan payments in general, Section 1 of the Uniform Plan notes that if payments are adjusted in accordance with the Home Mortgage Procedures, "the Debtor(s)' payments required by this [section] 1 will be automatically increased or decreased by . . . the amount of the increase or decrease in the [section] 4 payments."

Pursuant to the BLR, Debtor utilized the Uniform Plan and treated U.S. Bank's claim

under Section 4 of her Plan.  [ECF No. 2 at 3].  The Proof of Claim was filed prior to the claims

bar date and no one objected.  *See* [Claim No. 5-1].  Accordingly, the Proof of Claim is allowed

and Debtor's monthly mortgage payment is $912.84.  *See id.*; *In re Miranda*, 269 B.R. 737, 742

(Bankr. S.D. Tex. 2001).  Section 4(A) establishes Trustee's authority to distribute payments

based on allowed claims rather than the amount listed in the Plan.  [ECF No. 2 at 3].  Here, the

circumstances of Debtor's Plan changed due to the disparity in the amount of the mortgage

payment contained in the Proof of Claim compared to the amount listed in the confirmed Plan.

*Compare* [Claim No. 5-1] *with* [ECF No. 2].  Pursuant to Section 4(A), Trustee is authorized to

pay Debtor's mortgage in accordance with the allowed Proof of Claim.  [ECF No. 2 at 3].

Therefore, Trustee must distribute $912.84 to Ditech from Debtor's Plan payment.  However,

neither Section 4(A)—nor any other section of Debtor's Plan—authorizes Trustee to

retroactively adjust Debtor's confirmed Plan payment without Court approval.  *See generally id.*

Section 1 only provides Trustee with authority to prospectively increase Debtor's Plan Payment

based on a properly filed Notice of Mortgage Payment Change made pursuant to the Home

Mortgage Procedures and Rule 3002.1.  *Id.* at 1.  As discussed further herein, the retroactive

adjustment was not made pursuant to the Home Mortgage Procedures or Rule 3002.1.

Accordingly, the Plan does not provide Trustee with any authority to retroactively adjust

Debtor's Plan Payment.  *Compare* [ECF No. 33] *and* [ECF No. 43] *with* [ECF No. 2].

Pursuant to Section 4 of the Uniform Plan, the amount stated in an allowed home

mortgage proof of claim, irrespective of whether if it conflicts with the amount stated in a

confirmed plan, must be paid.

## 2) The United States Bankruptcy Code

The Code affirmatively requires a chapter 13 trustee to distribute plan payments in

accordance with a confirmed plan.  § 1326(a)(2); *see also In re Chapter 13 Plan Administration*, 2016 WL 2772099, at *5.  A chapter 13 trustee is required to "make payments to creditors under the plan."  § 1326(c).  "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."  11 U.S.C. § 1327(a); *In re Davis*, 404 B.R. 183, 187–88 (Bankr. S. D. Tex. 2009) (holding that § 1327(a) binds *all parties* to a confirmed chapter 13 plan) (emphasis added).  Moreover, the Code affords a modification process after plan confirmation for various reasons such as to "increase or reduce the amount of payments on claims."  § 1329.  Finally, a chapter 13 trustee is authorized to move for dismissal or conversion of a case "for cause."  11 U.S.C. § 1307(c).  Without a provision in the Code that authorizes Trustee to adjust confirmed plan payments, whether retrospectively or prospectively, Trustee stands in violation of both § 1326(a)(2) and § 1329 by demanding a payment that differs from the confirmed plan through the implementation of a procedure that retroactively adjusts confirmed plan payments without the oversight of the Court through the appropriate modification process.

Trustee is bound by the Code to distribute Debtor's plan payments in accordance with her confirmed Plan.  § 1326(a); *In re Miranda*, 269 B.R. 737, 742 (Bankr. S.D. Tex. 2001) (holding that § 1326(a) imports a duty on a chapter 13 trustee to distribute in accordance with a confirmed plan).  Pursuant to Debtor's Plan, the monthly plan payment is $1,125.00.  [ECF No. 2].  Therefore, Trustee circumvented the Code and her duty by retroactively increasing the Debtor's Plan payment.  *Compare* [ECF No. 33] *with* § 1326(a).  Additionally, the provisions of Debtor's Plan establish Trustee's authority to distribute payments based on allowed claims rather than amounts listed in the Plan.  [ECF No. 2].  Thus, Trustee possesses the authority to pay the

monthly mortgage payment amount listed on the allowed Proof of Claim out of Debtor's confirmed Plan payment, vis-a-vis Debtor's wages. *In re Miranda*, 269 B.R. at 742. After this Court issued the status conference, Trustee withdrew her Amended Notice only to file a New Notice based on Ditech's NPC. *See* [ECF No. 42]; *compare* [ECF No. 30] *with* [ECF No. 43]. However, rather than using the Confirmed Plan Payment to calculate the New Notice, Trustee instead calculated the adjustment based on the impermissible Amended Notice. *Compare* [ECF No. 33] *with* [ECF No. 43]. Based on Ditech's NPC, the newly adjusted plan payment should have been calculated utilizing the confirmed plan's monthly payment amount of $1,125.00. *Compare* [ECF No. 30] *with* [ECF No. 2]. Instead, Trustee utilized the incorrectly, as discussed herein, adjusted plan payment based on the original Amended Notice when drafting the New Notice. *Compare* [ECF No. 33] *with* [ECF No. 43]. The NPC should have been calculated as an increase not a decrease to the confirmed plan payment.[38] Although the end result is the same in this particular case, utilizing the correct math is important due to the potential impact on a debtor's chapter 13 proceeding. *Compare* [ECF No. 43] with [ECF No. 49]. Thus, the New Notice is a violation of § 1327(a) because Trustee is again acting outside Debtor's binding confirmed Plan. *See* [ECF No. 43].

Under the Code, both Debtor and Trustee may properly request a plan modification in order to compensate for the increased monthly mortgage payment based on the allowed Proof of Claim. *See* § 1329(a). "Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly." *In re Meza*, 467 F.3d 874, 877 (5th Cir. 2006). Here, the circumstances of Debtor's Plan changed due to the disparity in the amount of the mortgage payment contained in the Proof of

---

[38] The New Notice should calculate the plan payment as follows: $740.94 - $598 = $142.94 x.085 = $155.09 + $1,125.00 = $1,280.09.

Claim compared to the amount listed in the confirmed Plan. *Compare* [Claim No. 5-1] *with* [ECF No. 2]. Thus, rather than seeking to modify Debtor's Plan, Trustee instead implemented an unauthorized and unsolicited procedure which retroactively increased Debtor's confirmed Plan Payments in order to adapt to the change in circumstance. [ECF No. 33]. *See In re Davis*, 404 B.R. 183, 187–88 (Bankr. S.D. Tex. 2009) (discussing the right to modify a chapter 13 plan in order to adapt to changing circumstances). Nothing in the Code provides Trustee with the authority to retroactively adjust a plan payment based on an allowed home mortgage claim without this Court's approval; however, the Code does provide the authority to seek plan modification. § 1329.

Further, "[p]lan modification requires that any party in interest may object on the grounds that the plan does not meet the confirmation requirements." *In re Rodriguez*, 225 B.R. 628, 634 (Bankr. S.D. Tex. 1998). There was no hearing on the Amended Notice. Rather, the Amended Notice merely informed Debtor that the monthly plan payment was now retroactively adjusted, because there were no objections to the Proof of Claim. [ECF No. 33]. Notably, the Amended Notice resulted in several months of Debtor's previously made Plan payments suddenly being further delinquent based on the retroactive adjustment.[39] *See id.*

This matter was not brought before the Court through a motion to modify and no hearing occurred. *See id.* Rather, Trustee took it upon herself to retroactively increase Debtor's Plan payments in order to accommodate the allowed home mortgage Proof of Claim that was filed post confirmation. *In re Sanchez*, 372 B.R. 289, 317 (Bankr. S.D. 2007) (noting that a secured creditor who promulgated a 'Forbearance Agreement' that modified the terms of a confirmed plan did not comply with § 1329 for failing to file a motion to modify or seek the court's

---

[39] Trustee's records demonstrate that regardless of the adjustment to the Plan Debtor was delinquent; however, the adjustment significantly increased Debtor's delinquency.

approval was subject to sanctions for civil contempt).  "Neither a debtor, trustee, nor unsecured creditor may modify a plan unilaterally; any modification must be approved by the bankruptcy court after hearing and notice."  *Id.* (citing § 1329(b)(1)); *but see* Fed. R. Bankr. P. 3002.1.  In *Sanchez*, a secured creditor unilaterally modified a confirmed plan by entering into a Forbearance Agreement with the debtor without notifying debtor's counsel or the court.  *Id.* Trustee's actions in this case are comparable to the creditor in *Sanchez*.  *Compare id. with* [ECF No. 33].  Although the Amended Notice was filed with the Court and sent to Debtor and the U.S. Trustee, the Amended Notice unilaterally modified the Plan.  *Compare* [ECF No. 33] *with* [ECF No. 2].  This unilateral modification by Trustee is a violation of this Court's order approving the Plan.  *Compare* [ECF No. 33] *with* [ECF No. 26].  Even more alarming to this Court is that Trustee's actions in this case are not "an isolated, unpleasant incident," but rather was implemented as a pattern of practice.  *See In re Sanchez*, 372 B.R. at 317.  Thus, Trustee's Amended Notice is an impermissible modification to Debtor's Plan.  *See id.*

Additionally, Trustee's procedure impacted Debtor's ability to file a modification to address the impact the Proof of Claim had on the Plan by thrusting Debtor into a delinquency. *See generally In re Davis*, 404 B.R. 188–89 (addressing a debtor's right to file a motion to modify pursuant to § 1329(a)).  Despite withdrawal of the Amended Notice, Trustee's New Notice is based on Ditech's NPC, [ECF No. 30], but calculates Debtor's payment change based on the impermissible Amended Notice rather than Debtor's confirmed Plan payment.  *Compare* [ECF No. 43] *with* [ECF No. 33].  Therefore, the New Notice is contrary to the parameters of the Code.  *See* § 1329(a).

Accordingly, Trustee developed and implemented an unauthorized and unsolicited policy that retroactively changed confirmed chapter 13 plans in twenty five cases in violation of the

Code.  *Compare* [ECF No. 33] *and* [ECF No. 43] *with* § 1326(a) *and* § 1327(a) *and* § 1329.  In the Impaired Cases, Trustee's records, along with Debtor(s)' plan payments, must be restored to the amount specified in the respective confirmed plans; notices of withdrawal should be filed in which Notices Of Adjustment To Plan Payments were filed to accommodate an allowed home mortgage proof of claim post confirmation because they are an impermissible modification contrary to the Code.  Moreover, wage orders, EFT orders, and/or ACH orders must be amended to coincide with the original amounts stated in the confirmed plan.

Pursuant to the Code, Trustee may seek a plan modification or file a motion to dismiss or convert if payment of the allowed home mortgage proof of claim causes a confirmed plan to become deficient.  *See* §§ 1307, 1329.

### 3) <u>Bankruptcy Local Rules</u>

The United States Bankruptcy Court for the Southern District of Texas promulgates the BLR, which carry the force of law in the Southern District.  *See Kinsley*, 570 F.3d at 589.  It is undisputed that Trustee is required to follow the BLR.  *Id.*  Pursuant to the BLR, the use of the Uniform Plan is required.  BLR 3015-1(a)(2).  Notably, "[t]he uniform plan is structured to pay based on allowed claims rather than on claims as set forth in the plan."  BLR 3015-1(a)(4). Thus, if an allowed claim is greater than the amount set forth in the plan, "no plan modification will be required unless the allowance of a larger claim leaves the plan with insufficient funds to pay claims."  *Id.*  Further, Trustee is required to make home mortgage payments in accordance with the Home Mortgage Procedures.  BLR 3015-1(b).  The Southern District of Texas promulgated a rule to address proofs of claim filed after confirmation that result in a confirmed plan becoming deficient.  BLR 3015-1(e).  This rule only applies when (i) "a plan is confirmed and before the expiration of 6 months after the bar date; and (ii) propose to amend a confirmed

plan solely to treat or pay for claims filed prior to the claims bar date that make the confirmed plan deficient." *Id.* In such a situation, the BLR requires the filing of a Uniform Motion To Amend Confirmed Chapter 13 Plan To Satisfy Recently Filed, Timely Proofs of Claim" to make a plan amendment and a hearing to be set "on not less than 35 days notice." *Id.*

As discussed above, Trustee is required to pay Ditech's allowed claim, rather than the amount listed in Debtor's Plan. BLR 3015-1(a)(4); *compare* [ECF No. 2] *with* [Claim No. 5-1]. Pursuant to the BLR, "no plan modification will be required unless the allowance of a larger claim leaves the plan with insufficient funds to pay claims." BLR 3015-1(a)(4). If, for example, paying Ditech's monthly mortgage in accordance with the Proof of Claim results in "insufficient funds to pay claims," it may be appropriate for either Trustee or Debtor to seek a plan modification to address a potential plan deficiency. BLR 3015-1(a)(4), (d); *see also* § 1329.

Alternatively, in certain circumstances involving an allowed post confirmation proof of claim, Trustee and debtors may utilize the Uniform Motion to implement a plan amendment. BLR 3015-1(e). In this case, the claims bar date was December 14, 2016. [ECF No. 15]. The Proof of Claim was filed on December 14, 2016. [Claim No. 5-1]. Thus, in this case, both Trustee and Debtor have the authority to file a Uniform Motion until six months after the claims bar date. *See* BLR 3015-1(e). In addition to the Uniform Motion, as discussed above, Trustee and Debtor may move to modify pursuant to § 1329. The Uniform Motion is only applicable in particular circumstances and may or may not be available to debtors in the Impaired Cases. BLR 3015-1(e). If the disparity between a post-confirmation home mortgage proof of claim and the confirmed plan is too large, a Uniform Motion may not be feasible. *Id.* Rather, a modification pursuant to § 1329 provides debtors and Trustee with greater latitude to modify the plan to account for the disparity. Additionally, notice and a hearing are required and Debtor must

present a revised Uniform Plan and a description as to the events that impacted the feasibility of the original confirmed plan. § 1329; BLR 3015-1(d). Noticeably absent from the BLR and the Code, however, is any authority provisioning for a plan adjustment without Court approval applied retroactively or prospectively. *But see* Fed. R. Bankr. P. 3002.1.

Therefore, Trustee's implementation of a procedure to retroactively adjust a confirmed plan payment based on a home mortgage proof of claim filed after confirmation is without authority from the BLR. *See* [ECF No. 33]. Pursuant to the BLR, the amount of an allowed home mortgage proof of claim must be paid. If a deficiency arises, Trustee or the Debtor has the authority to file a Uniform Motion pursuant to BLR 3015-1. However, in some of the Impaired Cases, Trustee erroneously filed a motion to dismiss based on delinquencies caused by the retroactive plan payment adjustments. *See* [ECF No. 37]. Accordingly, a notice of withdrawal of dismissal in the Impaired Cases impacted by an erroneous motion to dismiss must be implemented in order to remedy the error.

4) <u>**The Southern District of Texas Home Mortgage Procedures**</u>

The Home Mortgage Procedures do not explicitly address how Trustee must adjust her claim distributions when an allowed home mortgage proof of claim with a monthly mortgage payment which differs from that which is stated in the confirmed plan is filed post-confirmation. Despite the lack of explicit instructions, Trustee is not helpless and left entirely to her own discretion to address a disparity between an allowed home mortgage proof of claim and the stated mortgage payment in a confirmed plan. As discussed above, the Plan controls, which instructs Trustee to pay a claim pursuant to the amount in an allowed proof of claim in Section 4. *See* [ECF No. 2 at 3]. However, Trustee conflates a prospective notice of plan adjustment that is properly triggered by a notice of payment change filed in accordance with Fed. R. Bankr. P.

3002.1 with a retroactive notice of plan adjustment that is triggered improperly by an allowed home mortgage proof of claim in which the amounts stated in the proof of claim differ from that which is set forth in the confirmed plan. *See* [ECF No. 52 at ¶2] (asserting that "the only difference between a mortgage payment change given by a Notice of Mortgage Payment Change and a Proof of claim is that a Notice applies a mortgage payment change prospectively and a proof of claim applies it retrospectively to the date of filing"). Despite the arguments made by Trustee, however, a notice of payment change is not analogous because the issue at bar involves an unsolicited and unauthorized retroactive plan payment adjustment to a confirmed chapter 13 plan. *Compare In re Trevino*, 535 B.R. 110, 132 (Bankr. S.D. Tex. 2015) (noting that Rule 3002.1 was implemented to ensure "a debtor be allowed to cure a default on and maintain payments on a home mortgage over the life of a chapter 13 plan") *with* [ECF No. 33] (implementing a retroactive increase to Debtor's Plan Payment based on the Proof of Claim, [Claim No. 5-1], filed after plan confirmation).

Further, assuming *arguendo* that payment changes made pursuant to Rule 3002.1 are effectively the same as the issue at bar, if a secured home mortgage claimant requires a change in its monthly mortgage payment amount, the claimant "shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount . . . no later than 21 days before a payment in the new amount is due." Fed. R. Bankr. P. 3002.1(b). Paragraph 4(B) of the Home Mortgage Procedures instructs that if a notice of payment change is filed in accordance with Rule 3002.1, "the chapter 13 trustee shall commence payments on the Ongoing Mortgage at least 21 days after filing of the notice." Concerning the recovery of a home mortgagor's fees and expenses, paragraph 8(A) of the Home Mortgage Procedures instructs that any allowed fee, expense, or charge, "shall be paid commencing with the chapter 13 trustee's next scheduled

distribution." Thus, the Home Mortgage Procedures do not authorize Trustee to implement retroactive adjustments to plan payments. Rather, the only authority relating to a Rule 3002.1 notice of mortgage payment change provisions for a prospective adjustment to the newly noticed monthly mortgage amount Trustee must pay. *See* Home Mortg. P. 4(B), 8(A); *but see* Unif. Plan § 4. Accordingly, in cases where a notice of payment change was filed in accordance with Rule 3002.1, a notice of adjustment to plan payment, which must include both the amount of the adjustment and the amount of the new plan payment applied prospectively, is required.

Additionally, although the Home Mortgage Procedures address a notice of payment change filed in accordance with Rule 3002.1, they are silent regarding home mortgage proofs of claim filed after confirmation that differ from the amount listed in the confirmed plan. This silence has resulted in different procedures implemented by the various chapter 13 trustees throughout the Southern District of Texas. Notably, Trustee admitted on the record that no existing authority provides her with the power to retroactively adjust a debtor's confirmed plan payment. *See* [ECF No. 52]. Trustee indicated that in light of the Miscellaneous Proceeding, [Case No. 15-701], she felt it was necessary to update her procedures. [Case No. 16-70326, ECF No. 52]. Thus, Trustee—inspired by Peake who testified that his office makes a prospective adjustment to plan payments based on a post-confirmation home mortgage proof of claim— implemented retroactive adjustments to Debtor's Plan payments. *Id.* However, Trustee did not present any evidence or argument to this Court substantiating her authority to implement such a policy

Additionally, paragraph 10 of the Home Mortgage Procedures instructs that the procedures "may be varied in a particular case only by order of the Court." It is without question that this Court has not ordered, sanctioned or even authorized any variance on the Home

Mortgage Procedures in this or any other Impaired Case.   Therefore, the Home Mortgage Procedures do not authorize the Trustee to retroactively adjust a confirmed plan payment without Court approval based on a differing allowed home mortgage proof of claim filed after confirmation.

Finally, paragraph 3(C) of the Home Mortgage Procedures dictates that "Trustee is authorized to disburse funds in payment of all regular contractual installment payments due under the Ongoing Mortgage…"   Further, Paragraph 3(C) dictates that "[d]isbursements should commence as soon as practicable."   However, although the Uniform Plan requires chapter 13 trustees to pay based on the proof of claim, nothing in the Home Mortgage Procedures, Code, or BLR provides Trustee with the authority to retroactively adjust a confirmed plan payment without Court approval to compensate for a change in the disbursement on an ongoing mortgage. Here, Trustee's Amended Notice did just that by retroactively increasing Debtor's Plan payments in order to accommodate the post-confirmation Proof of Claim.   [ECF No. 33] (increasing payments retroactively to the first month of the Debtor's Plan).

Accordingly, Trustee acted without any authority from the Debtors' Plan, the Code, the BLR, the Home Mortgage Procedures, or this Court by retroactively adjusting plan payments based on post-confirmation home mortgage proofs of claim in twenty-five cases.  *See generally In re Miranda*, 269 B.R. at 742 (emphasizing a chapter 13 trustee's duty to distribute in accordance with confirmed plans); *see also* [ECF Nos. 52; 52-1].

## V.   <u>CONCLUSION</u>

The procedures implemented by Trustee have resulted in Debtor, as well as other debtors in twenty-four cases across the McAllen, Brownsville, and Corpus Christi Divisions, receiving retroactive plan adjustments resulting in either an increase or a decrease in the amount of the

monthly plan payment.  Trustee developed and implemented these procedures to address a post confirmation home mortgagor's proof of claim that specifies an amount different than that which is stated in the confirmed plan.  *See* [ECF Nos. 33, 52].  In addition to the Proof of Claim, Ditech filed a proper NPC on behalf of U.S. Bank.  [ECF No. 30].  After withdrawing the Amended Notice, Trustee filed a New Notice based on the NPC.  [ECF No. 43].  However, the New Notice improperly calculated the Plan adjustment because it derives the calculation based on the improper original Notice rather than the confirmed Plan Payment.  *Compare id. with* [ECF No. 2] *and* [ECF No. 33] *and* [ECF No. 43].

Retroactive adjustments to confirmed plan payments resulted in some debtors in the Impaired Cases being forced to attempt to change the past in order to either be current on their plans or to prevent any impact to their unsecured creditors.  [ECF No. 52-1].  As the principal administrator of chapter 13 cases in these divisions, Trustee is obliged to comply with the Code, the BLR, the Home Mortgage Procedures, the confirmed Plan, and orders of the Court.  As indicated by Trustee on the record and in the status report, there is no authority allowing Trustee to institute retroactive adjustments to the Debtor's Confirmed Plan.  *See* [ECF No. 52 at 1].

What is even more shocking and disturbing to this Court is the fact that Trustee implemented a new procedure through which she retroactively adjusted a confirmed chapter 13 plan payment without any authority or alternatively, seeking leave from this Court to do so.

Accordingly, this Court finds that a notice of adjustment to plan payment based on a home mortgage proof of claim filed after confirmation cannot be applied against the debtor retroactively or even prospectively.  Trustee is required to pay the amount stated in an allowed home mortgage proof of claim, regardless if it conflicts with the amount stated in a confirmed plan.  However, retroactively altering confirmed plan payments based on an allowed home

mortgage proof of claim filed after confirmation is impermissible. Accordingly, Trustee must file a notice of withdrawal of all notices of adjustment to plan payments filed to accommodate an allowed home mortgage proof of claim in the Impaired Cases. Trustee must adjust her records and restore the plan payments in the Impaired Cases to the amount specified in the respective confirmed plans. Moreover, Trustee must amend any filed wage orders, EFT orders, and/or ACH orders to coincide with the original amounts stated in the confirmed plan. Additionally, in cases where a notice of payment change was properly filed in accordance with Rule 3002.1, Trustee must properly implement a notice of adjustment to plan payment, which must include both the amount of the adjustment and the amount of the new plan payment applied prospectively. If a deficiency arises, Trustee has the authority to file a Uniform Motion, seek a plan modification, or file a motion to dismiss or convert the case. If an erroneous motion to dismiss was filed based on a retroactive plan adjustment, Trustee must file a notice of withdrawal of dismissal in the Impaired Cases impacted by an erroneous motion to dismiss.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 04/17/2017.

Eduardo V. Rodriguez
United States Bankruptcy Judge